**ANTHONY CAPPETTO v. STATE OF FLORIDA**

32 So. (2nd) 585
November 21, 1947
Rehearing denied December 11, 1947

June Term, 1947
Division B

*Fogle, Kirtley, Connelly & Fordham,* for appellant.

*J. Tom Watson, Attorney General* and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant having been convicted in the Criminal Court of Record of Dade County, Florida in six certain cases, appealed from the judgment of that court in each of said cases numbered respectively 14575-A, 14576-A, 14586-A, 14587-A and 14569-A and 14700-A.

In the court below the cases were consolidated and tried together before the Judge of the Criminal Court of Record, the appellant having waived a jury and submitted his case to said Judge. The cases having been so consolidated, they were brought here under one transcript of the record and stand consolidated for the purpose of our consideration.

On this appeal appellant presents two questions as follows:

"May a defendant charged with crime be convicted upon the oral confession of an accomplice, when said accomplice does not even testify in the trial of said cause, although at all times within the jurisdiction of the court and under and in the custody of the police?"

"May a defendant be convicted of the crime of possession of burglary tools when there is no testimony connecting the said tools with the defendant and no showing from the testimony that the tools described in the information were had or used by the defendants, or either of them, for any unlawful purpose?"

We fail to find any basis for the questions in the record. The record shows that in each case it was provided by uncontradicted evidence that the crime alleged had been committed. That the defendant committed or participated in the commission of each and every crime was proved by the evidence sufficent to establish the fact that appellant had, after the commission of said crimes, admitted and confessed orally to police officers that he had participated in the commission of such crimes and had pointed out to the police officers the several different buildings entered and explained the manner in which they had been entered by him and his accomplice, and that he owned and had in his possession at the time of the commission of the crimes burglary tools which were found a few feet from the automobile in which appellant was sitting at the time the arrest was made.

Witnesses for the State testified that appellant's alleged accomplice in the presence of appellant had also stated to them that he and the appellant had committed the crimes referred to in the manner stated by the appellant and that the appellant did not contradict the statements of his said accomplice.

In the grounds for appeal filed in the lower court there is no contention that the alleged confessions and admissions made to the police officers by the appellant were not admissible in evidence.

The admissibility of the evidence showing the statements made by the appellant to the police officers is not raised by the questions supra admitted here.

We find the evidence as presented in the transcript amply sufficient to warrant the convictions and judgments.

No reversible error having been made to appear, each and every of said judgments is hereby affirmed.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.